IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 14-0204-WS-C |
| SOUTHERN REINFORCING, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

ORDER

This matter is before the Court on the plaintiff's motion for default judgment against the entity defendant ("Southern"). (Doc. 29). Default has previously been entered against Southern. (Doc. 28). Because Southern has not appeared, it is not entitled to notice of the pending motion. Fed. R. Civ. P. 55(b)(2). The amended complaint reflects the existence of diversity jurisdiction. (Doc. 8 at 2, 4-5, 16).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The amended complaint alleges that Southern executed an indemnity agreement in favor of the plaintiff; that the agreement requires Southern to indemnify the plaintiff for any loss as a result of its execution of surety bonds in favor of Southern; that the plaintiff paid out no less than $450,000 in valid claims against Southern under the bonds; that the plaintiff is entitled to indemnity for these sums; and that Southern has failed and refused to indemnify the plaintiff. Count Three asserts a claim for breach of indemnity agreement, and the allegations of the amended complaint clearly state such a cause of action.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on an indemnity agreement, which document has been submitted, (Doc. 1-1) along with an affidavit from a

2

representative with personal knowledge of the relevant facts, (Doc. 29-1), and the plaintiff does not request a hearing. Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The complaint demands, under Count Three, "no less than $450,000.00, plus interest, costs and attorney's fees." (Doc. 8 at 16). The motion for default judgment seeks the same amount, plus costs and attorney's fees. (Doc. 29 at 4-5). The plaintiff's requested default judgment thus does not violate Rule 54(c).

The plaintiff seeks recovery of incurred attorney's fees and expenses of $19,959.27. (Doc. 29 at 4). The indemnity agreement provides for recovery of costs and expenses of investigation and enforcement, including attorney's fees. (Doc. 1-1, ¶ 2). The submitted affidavit reflects expenditures for investigation and enforcement, including attorney's fees, of $19,659.27.[1]

The plaintiff seeks entry of final judgment pursuant to Rule 54(b). (Doc. 29 at 4-5). The Court finds this request problematic in two respects. First, such a judgment would leave pending several additional claims by the plaintiff against Southern.[2] The plaintiff has failed to persuade the Court that "there is no just reason for delay" in entering final judgment against Southern on one claim while other claims against Southern remain pending and unresolved.

Second, this action as to the individual defendants is stayed in light of their pending bankruptcy proceedings. (Doc. 12). The plaintiff has announced it has no intention of seeking relief from the automatic stay, (Doc. 18), so it has no current intention of pursuing claims against the individual defendants in this action. The plaintiff suggests it would pursue the individual defendants in this action should

---

[1] The plaintiff's request for an additional $300.00 appears to reflect a typographical or computational error.

[2] The amended complaint styles these counts as "Collateral Security/Injunctive Relief"; "Specific Performance of Indemnity Agreement"; and "Exoneration." (Doc. 8 at 9-14).

3

their bankruptcy case be dismissed without resolution, (Doc. 29 at 4), but it has not suggested that such a dismissal is likely. On the contrary, its most recent status report as to the bankruptcy proceedings states that a distribution to creditors is likely. (Doc. 21 at 2). Again, the plaintiff has failed to persuade the Court there is no just reason for delay in entering final judgment against Southern while essentially identical claims against Southern's two members remain pending in this Court.

The Court makes an additional observation. "If Gulf Coast had sued Midwest and PAX claiming that they were jointly liable, and if PAX had defaulted, but Midwest prevailed at trial, it would be clear that Gulf Coast could not obtain a default judgment against PAX." *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). Moreover, it "is a sound policy" that, "even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Id.*; accord *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (adopting *Gulf Coast Fans*). This Court as well has followed the Eleventh Circuit's rationale. *E.g., Will-Burn Recording & Publishing Co. v. Universal Music Group Records*, 2009 WL 211082 at *2 (S.D. Ala. 2009) ("Given the ongoing, disputed nature of plaintiff's claims against the other defendants, and the likelihood that the defaulting defendants are or may be jointly liable or similarly situated to non-defaulting defendants, entry of default judgment against the defaulting defendants at this time would be premature and would risk inconsistent and incongruous results in this litigation."). The plaintiff has not explained why the Court should enter default judgment against Southern when its co-defendants' liability has yet to be established.

In short, while it appears the plaintiff would be entitled to entry of default judgment against Southern in the amount of $469,659.27 were the individual

defendants dismissed,[3] and while it appears the plaintiff would be entitled to entry of final judgment in that amount were all its claims against Southern resolved by judgment or voluntary dismissal, in the present posture of this case the plaintiff's motion for entry of default judgment and for entry of final judgment must be, and is, **denied**. The plaintiff is **ordered** to file, on or before **September 15, 2014**, its statement as to how it proposes to resolve this action.

DONE and ORDERED this 29th day of August, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] It does not appear that the dismissal of the individual defendants would violate the automatic stay. *See, e.g., O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1108-09 (9th Cir. 2006) (upholding dismissal of creditor's action under Rule 41(b) for failure to prosecute); *Arnold v. Garlock, Inc.*, 288 F.3d 234, 236-37 (5th Cir. 2002) (upholding voluntary dismissal of debtors on creditors' motion); *Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (granting the creditor's motion to dismiss its appeal as moot); *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) (upholding dismissal of creditor's action under Rule 41(b) for failure to comply with court orders); *Wachter v. Lezdey*, 34 Fed. Appx. 699, 701-02 (Fed. Cir. 2002) (dismissing creditor's appeal for lack of jurisdiction). In any event, relief from the automatic stay for the purpose of dismissing claims against the individual defendants would not appear to be unachievable.