IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 14-0204-WS-C ) |
| SOUTHERN REINFORCING, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the plaintiff's renewed motion for default judgment against the entity defendant ("Southern"). (Doc. 34). Default has previously been entered against Southern. (Doc. 28). Because Southern has not appeared, it is not entitled to notice of the pending motion. Fed. R. Civ. P. 55(b)(2). The amended complaint reflects the existence of diversity jurisdiction. (Doc. 8 at 2, 4-5, 16).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The amended complaint alleges that Southern executed an indemnity agreement in favor of the plaintiff; that the agreement requires Southern to indemnify the plaintiff for any loss as a result of its execution of surety bonds in favor of Southern; that the plaintiff paid out no less than $450,000 in valid claims against Southern under the bonds; that the plaintiff is entitled to indemnity for these sums; and that Southern has failed and refused to indemnify the plaintiff. Count Three asserts a claim for breach of indemnity agreement, and the allegations of the amended complaint clearly state such a cause of action.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on an indemnity agreement, which document has been submitted, (Doc. 1-1) along with an affidavit from a

representative with personal knowledge of the relevant facts, (Doc. 34-1), and the plaintiff does not request a hearing. Accordingly, none will be held.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The complaint demands, under Count Three, "no less than $450,000.00, plus interest, costs and attorney's fees." (Doc. 8 at 16). The motion for default judgment seeks the same amount, plus costs and attorney's fees. (Doc. 34 at 4-5). The plaintiff's requested default judgment thus does not violate Rule 54(c).

The plaintiff seeks recovery of incurred attorney's fees and expenses of $19,959.27. (Doc. 34 at 4-5). The indemnity agreement provides for recovery of costs and expenses of investigation and enforcement, including attorney's fees. (Doc. 1-1, ¶ 2). The submitted affidavit reflects expenditures for investigation and enforcement, including attorney's fees, of $19,659.27.[1]

All other defendants, and all claims against Southern other than for breach of contract, have been voluntarily dismissed by the plaintiff. (Doc. 32; Doc. 34 at 2-3). There is thus no impediment to entry of judgment in favor of the plaintiff.

For the reasons set forth above, the plaintiff's renewed motion for default judgment is **granted**. Final judgment against Southern in the amount of $469,659.27 shall be entered by separate order.

DONE and ORDERED this 17th day of September, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's request for an additional $300.00 appears to reflect a typographical or computational error.